Filed 3/18/16  P. v. Knight CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078561 |
| Plaintiff and Respondent, | (Super. Ct. No. SF127439A, SF127439B) |
| v. | |
| LEONARD ANGELO KNIGHT, | |
| Defendant and Appellant. | |

A jury found defendant Leonard Angelo Knight guilty of one count of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)),[1] one count of unlawfully carrying a loaded firearm within a vehicle in a public place (§ 25850, subd. (c)(4)), one count of carrying a loaded firearm within a vehicle in a public place while not the registered owner of the firearm (§ 25850, subd. (c)(6)), and one count of possession of marijuana (Health & Saf. Code, § 11357, subd. (c)).  In a bifurcated proceeding, the trial court found true the special allegations that defendant had a prior strike conviction

---

[1]  Undesignated statutory references are to the Penal Code.

(§§ 667, subd. (d), 1170.12, subd. (b)).  The trial court sentenced defendant to four years in prison.

On appeal, defendant contends he was improperly convicted and sentenced under the penalty provisions of section 25850, subdivision (c)(4) and (6).  We agree and shall reverse with directions to the trial court to vacate defendant's conviction for violating section 25850, subdivision (c)(6).  In all other respects, the judgment is affirmed.

## I.  DISCUSSION[2]

Relying on *People v. Ramon* (2009) 175 Cal.App.4th 843 (*Ramon*), defendant contends that he was improperly convicted and sentenced for unlawfully carrying a loaded firearm within a vehicle in a public place (§ 25850, subd. (c)(4)) and for carrying a loaded firearm within a vehicle in a public place while not the registered owner of the firearm (§ 25850, subd. (c)(6)).  The People concede the point, and we agree.

*Ramon* involved section 12031, which is the predecessor to section 25850.[3]  In *Ramon*, the appellate court explained:  "Section 12031, subdivision (a)(1) sets forth the elements of the crime of carrying a concealed firearm:  'when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.'  [¶]  Subdivision (a)(2) of section 12031 establishes the penalty for violation of subdivision (a)(1) of section 12031, depending on the circumstances surrounding the offense or the offender.  If the defendant has a previous felony conviction, or a previous conviction of this chapter, a violation of subdivision (a)(1) is a felony.  (*Id.*, subd. (a)(2)(A).)  If the firearm is stolen, then a violation of

---

[2] We dispense with a recitation of the facts because they are unnecessary to the resolution of this appeal.

[3] Effective 2012, section 12031 was renumbered to section 25850.  (Stats. 2010, ch. 711, § 6.)  The minor changes made to the statute when renumbered are not relevant here.

subdivision (a)(1) is a felony. (*Id*., subd. (a)(2)(B).) If the defendant is a member of a criminal street gang, a violation of subdivision (a)(1) is a felony. (*Id*., subd. (a)(2)(C).) Where the defendant does not lawfully possess the firearm, or is prohibited from possessing a firearm by statute, a violation of subdivision (a)(1) is a felony. (*Id*., subd. (a)(2)(D).) If the defendant has certain specified prior convictions, then a violation of subdivision (a)(1) is a wobbler, punishable as either a felony or a misdemeanor. (*Id*., subd. (a)(2)(E).) If the defendant is not the registered owner of the firearm, then a violation of subdivision (a)(1) is a wobbler, punishable as either a felony or a misdemeanor. (*Id*., subd. (a)(2)(F).) If the defendant does not fit within any of the above categories, the crime is punishable as a misdemeanor. (*Id*., subd. (a)(2)(G).) [¶] Therefore, a violation of section 12031, subdivision (a)(1) is a crime, and subdivision (a)(2)(A) through (G) of section 12031 simply establishes the penalty based on the circumstances of the offense and the offender. The trial court erred, therefore, when it entered judgment for violation of section 12031(a)(2)(C) and (a)(2)(F). Under the facts of this case, Ramon violated section 12031, subdivision (a)(1) only once and can be convicted only once of this crime." (*Ramon, supra*, 175 Cal.App.4th at pp. 857-858.)

Here, because defendant violated section 25850, subdivision (a)(1) only once, he can only be convicted and sentenced under one of the penalty provisions of that statute. The separate penalty provisions of section 25850 are not separate substantive offenses. Rather, they provide the appropriate penalty when the substantive offense defined in section 25850, subdivision (a) has been committed. Therefore, it was error for the trial court to enter judgment for a violation of section 25850, subdivision (c)(4) and subdivision (c)(6). (See *Ramon, supra*, 175 Cal.App.4th at pp. 857-858.)

The remaining question is the proper remedy. The People and defendant agree that the conviction under section 25850, subdivision (c)(6) should be vacated because it is a wobbler (i.e., punishable as either a felony or a misdemeanor), while a conviction under section 25850, subdivision (c)(4) is a felony. (§ 25850, subd. (c)(4) & (6).) We agree.

3

Appellate courts that have confronted this issue have determined that the conviction for the less serious crime should be vacated. (See *Ramon, supra*, 175 Cal.App.4th at pp. 857-858; *People v. Muhammad* (2007) 157 Cal.App.4th 484, 489-490, 494.) Accordingly, we will direct the trial court to vacate the conviction for violation of section 25850, subdivision (c)(6). Because imposition of sentence on that offense was stayed pursuant to section 654, remand for resentencing is unnecessary.

## II.  DISPOSITION

We reverse with directions to the trial court to vacate defendant's conviction for violating section 25850, subdivision (c)(6). The trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


/S/

_____

RENNER, J.



We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

BUTZ, J.

4